DIANA GRIBBON MOTZ, Circuit Judge,
concurring:
In my view, the EEOC offered ample evidence of severe and pervasive racial harassment of two African-American employees — Bernard Pearson and Keith Wilson — by their coworkers. The conduct of the harassing co-workers was not just ugly, it was outrageous. The record is rife with testimony of racial slurs directed at Mr. Pearson and Mr. Wilson from at least six fellow Xerxes employees. The record also contains evidence that anonymous pranks were played on them and vile anonymous threats made to them. No one should be subjected to such abuse in the workplace. The panel opinion rightly concludes that the EEOC offered sufficient evidence of severe and pervasive racial harassment in Xerxes’s workplace to require a trial on that issue.
But not all workplace harassment — even harassment as severe and pervasive as that at issue here — imposes liability on the employer. Rather, “the EEOC must establish some basis for imposing liability” on the employer. EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 319 (4th Cir.2008).
If an employer’s president or another management official “indisputably within that class of ... officials who may be treated as the organization’s proxy” had perpetrated this harassment, it would certainly be imputable to the employer. Faragher v. City of Boca Raton, 524 U.S. 775, 789, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Moreover, we have held that when an employee perpetrates such harassment on a fellow employee, it will also be imputable to the employer — provided that the employer knew about the harassment and failed to “respond with remedial action reasonably calculated to end the harassment.” EEOC v. Central Wholesalers, Inc., 573 F.3d 167, 177 (4th Cir.2009)(quoting Sunbelt Rentals, 521 F.3d at 319).
In this case, the EEOC does not contend high level officials of Xerxes management perpetrated the harassment. Rather, the EEOC’s only contention is that fellow employees engaged in these dreadful acts of racial harassment. To render Xerxes responsible for its employees’ actions, the EEOC must offer evidence that Xerxes failed to take remedial action calculated to end the harassment. For the period after *679 February 2006, the panel holds that the EEOC has failed to offer such evidence.
In retrospect, I believe that more aggressive, early corrective action by Xerxes would have been well advised. However, although this is a very close case, it seems to me our precedent does not require Xerxes to undertake such action. For our precedent holds that an employer’s “particular remedial responses” need not be the “most certainly effective that could be devised.” Mikels v. City of Durham, N.C., 183 F.3d 323, 330 (4th Cir.1999); see also Spicer v. Comm, of Va., Dep’t of Corr., 66 F.3d 705, 710 (4th Cir.l995)(en banc )(“[W]e have never suggested that an employer must make the most effective response possible.... ”). Given this precedent, I think we must conclude that the EEOC failed to offer evidence that the remedial action undertaken by Xerxes, after February 2006, was inadequate.
Accordingly, I concur.